**Meisia LIMASARIAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71497.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 20, 2004.

Robert G. Ryan, Esq., Law Offices of Eugene C. Wong, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security San Francisco, CA, Richard M. Evans, Esq., Patricia K. Buchanan, Esq., William C. Minick, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

MEMORANDUM **

Meisia Limasarian, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Where the BIA affirms without an opinion, we review the IJ's decision as the final agency decision. *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence the factual findings underlying the IJ's denial of asylum and withholding of removal. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1176 (9th Cir.2004).

Substantial evidence supports the IJ's determination that Limasarian failed to establish a well-founded fear of future persecution on account of her Chinese ethnicity or Christian beliefs because a large number of her similarly-situated family members reside in Indonesia without persecution. *See Aruta v. INS*, 80 F.3d 1389, 1395 (9th Cir.1996).

Because Limasarian does not satisfy the standard for asylum, she necessarily fails to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1253 (9th Cir. 2003).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Limasarian's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**